The Honorable J.W. "Bill" Ramsey State Representative Post Office Box 6 Prairie Grove, AR 72753
Dear Representative Ramsey:
You have asked whether our Opinions No. 86-365 and 86-415 preclude state legislators from serving on private, non-profit boards which oversee state funds received by the boards.
As you are aware, our previous Opinions have stated that legislators are "employees" of the State for purposes of the Ethics in Public Contracting Act and those goods and services to be procured or sold which are exempt from Arkansas' State Purchasing Law are likewise exempt from the Ethics Act.
First, it is in your capacity as an EMPLOYER-LEGISLATOR [employee-legislator (??] (hereinafter "legislator") that you are subject to the provisions of Act 483, not as a member of a private non-profit board.
For example, as a legislator, you could not participate in any matter which would pertain to any contract or subcontract, with that private non-profit board if:
 1. you (or your family) had a financial interest in the organization. This is not likely if the board is non-profit and the board members do not receive compensation for their services; or
 2. you or your family belongs to a business or organization which has a financial interest in the board. Again, this is unlikely because of the non-profit status of the board; or
 3. you or your family are negotiating with a prospective employer who is a part of the board or organization.
"Participation" in Act 483 means involvement through decision, approval, etc. Section 14-1101(A)(3). As an illustration, the Act would probably be violated if (1) the legislator/board member voted on the appropriation to that board/organization AND, (2) the legislator or his family had a financial interest in such organization.
No prohibition exists in Act 483 providing legislators serving on non-profit, private organizational boards which receive state funds.
The prohibitions of Act 483 relate to legislators in their public capacities acting on matters in which they have a private financial interest.
The foregoing opinion, which I hereby approve, was prepared by Special Counsel R.B. Friedlander.